SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

UNITED PARCEL SERVICE, INC., an Ohio Corporation; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SHEILA JOHN, on behalf of herself and all others similarly situated,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: *(Número del Caso):* |
|---|---|
| *(El nombre y dirección de la corte es):* San Francisco 400 McAllister St. San Francisco, CA 94102 | CGC-21-591395 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

JAMES HAWKINS APLC, 9880 Research Drive, Suite 200 Irvine CA 92618; (949)387-7200

| DATE: *(Fecha)* JUN 1 0 2021 | Clerk, by *(Secretario)* POLONIO | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:
3. [x] on behalf of *(specify)*: United Parcel Service, Inc., an Ohio Coporation c/o CSC

under: [X] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)     [ ] CCP 416.90 (authorized person)
[ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

FAXED

1  James R. Hawkins, Esq. SBN 192925
   Isandra Fernandez, Esq. SBN 220482
2  **JAMES HAWKINS APLC**
   9880 Research Drive, Suite 200
3  Irvine, CA 92618
   TEL: (949) 387-7200
4  FAX: (949) 387-6676

5  Attorneys for Plaintiff, **SHEILA JOHN,**
   on behalf of herself and all others similarly situated
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                  FOR THE COUNTY OF SAN FRANCISCO

ENDORSED
FILED
San Francisco County Superior Court

APR 29 2021

CLERK OF THE COURT
BY   KALENE APOLONIO
                    Deputy Clerk

10  SHEILA JOHN, on behalf of herself and all       Case No. CGC-21-591395
    others similarly situated,                       ASSIGNED FOR ALL PURPOSES TO:
11                                                    JUDGE:
12         Plaintiff,                                 DEPT:

13  vs.                                               **CLASS ACTION COMPLAINT**

14                                                    1)  **Failure to pay Lawful Wages Owed,**
    UNITED PARCEL SERVICE, INC., an Ohio             2)  **Failure to provide Lawful Meal**
15  Corporation; and DOES 1 through 50,                   **Periods or Compensation in lieu**
    inclusive,                                            **thereof;**
16                                                    3)  **Failure to provide Lawful Rest**
17         Defendants.                                     **Periods or Compensation in lieu**
                                                          **thereof;**
18                                                    4)  **Failure to Timely Pay Wages During**
                                                          **Employment;**
19                                                    5)  **Failure to Timely Pay Wages at**
                                                          **Termination;**
20                                                    6)  **Knowing and intentional Failure to**
21                                                        **Comply with Itemized Employee**
                                                          **Wage Statement Provisions;**
22                                                    7)  **Failure to Indemnify Employee for**
23                                                        **Expenditures; and**
                                                      8)  **Violations of the Unfair Competition**
24                                                        **Law**
25
26                                                    **JURY TRIAL DEMANDED**
27
28



1

CLASS ACTION COMPLAINT

**I.**

**INTRODUCTION**

1.      Pursuant to Code of Civil Procedure section 382, SHEILA JOHN (hereinafter "Plaintiff") asserts the following Class Action claim against UNITED PARCEL SERVICE, INC., a Delaware Company ("UPS"), and DOES 1 through 50 (hereinafter collectively "Defendants") on behalf of herself and all non-exempt employees employed by Defendants in California (hereinafter "Non-Exempt Employees" and/or "Class Members").

2.      During the liability period, defined as the applicable statute of limitations for each and every cause of action contained herein, Defendants enforced shift schedules, employment policies and practices, and/or workload requirements wherein Plaintiff and Non-Exempt Employees were, amongst other statutory violations, not paid all lawful wages; not provided compliant rest and meal periods; not provided accurate itemized wage statements; and not paid timely wages at termination.

3.      Plaintiff, on behalf of herself and Non-Exempt Employees, brings this action pursuant to Labor Code §§ 200, 201-203, 204, 210, 226, 226.7, 510, 512, 1194, 1194.2, 1197, 1198, 2802, and any other applicable Industrial Welfare Commission ("IWC") Wage Orders, seeking unpaid wages, unpaid compensation for rest and meal break violations, penalties, attorneys' fees and costs and other equitable relief.

4.      Plaintiff, on behalf of herself and all Non-Exempt Employees, pursuant to Business and Professions Code sections 17200-17208, also seeks restitution from Defendants based on Defendants' violations of California Labor Code of Regulations, Title 8, section 11000 *et seq.*

**II.**

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes here do not give jurisdiction to any other court. The monetary damages and restitution sought by Plaintiff exceed the minimum

2

1  jurisdiction limits of the California Superior Court and will be established according to proof at

2  trial.

3      6.     Venue is proper to each Defendant pursuant to Code of Civil Procedure section

4  395 because they conduct substantial and continuous business activities in San Francisco County

5  and are within the jurisdiction of this Court for service of process purposes.  Defendants employ

6  numerous Non-Exempt Employees in San Francisco and other Counties throughout California.

7                                          **III.**

8                                      **PARTIES**

9      7.     Plaintiff is, and at all times mentioned was, a resident of California.

10      8.     Upon information and belief, Defendant is a postal service provider headquartered

11  in Atlanta, GA.   Plaintiff believes Defendants are qualified to do business in California and

12  continue to do so.

13      9.     The true names and capacities of Defendants, whether individual, corporate,

14  associate, or otherwise, sued herein as DOES 1 through 50, inclusive, are currently unknown to

15  Plaintiff, who therefore sues Defendants by such fictitious names under Code of Civil Procedure

16  section 474.  Plaintiff is informed and believes, and based thereon alleges that each of the

17  Defendants designated herein as a DOE is legally responsible in some manner for the unlawful

18  acts referred to herein.  Plaintiff will seek leave of court to amend this Complaint to reflect the

19  true names and capacities of the Defendants designated hereinafter as DOES when such identities

20  become known.

21      10.    Plaintiff is informed and believes, and based thereon alleges, that Defendants

22  acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint

23  scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant

24  are legally attributable to the other Defendants.

25                                          **IV.**

26                              **FACTUAL BACKGROUND**

27      11.    Plaintiff was employed by Defendants facility located in San Francisco,

28  California. From on or about October 31, 2019 until about April 2020 Plaintiff occupied a non-

exempt, hourly position as a driver. From on or about April 2020 until her last day of employment, in or about May 2020, Plaintiff occupied a non-exempt, hourly position as a warehouse employee.

12.     During the liability period, Defendants did not compensate Plaintiff and all Non-Exempt Employees for the time spent going through Defendant's security procedures. For example, Plaintiff and all Non-Exempt Employees were required to wait in line at the start of the shift to pass through security screening and metal detectors at the entrance prior to clocking in. Further, at the end of the work shift, Plaintiff and all Non-Exempt Employees were required to clock out and then line up to pass through the security screening and metal detectors to exit the facility. Plaintiff estimates that the waiting time at the start of the shift, prior to clocking in, was approximately 15 minutes and the time spent waiting in line to pass through security after clocking out, at the end of the shift, was anywhere from 5 to 10 minutes.

13.     During the liability period, Plaintiff and Non-Exempt Employees, who were employed by Defendants as drivers, often were required to work in excess of five (5) hours without being provided an uninterrupted thirty (30) minute meal period by the end of the fifth hour. For instance, Plaintiff and Non-Exempt Employees, who were employed by Defendants as drivers, were required to monitor their personal cell phone during their meal breaks in the event that staff members or supervisors needed to communicate with them. Also, Plaintiff and Non-Exempt Employees, who were employed by Defendants as drivers, were not provided a second similar uninterrupted meal period by the end of the tenth hour when they worked over ten hours in a shift.

14.     During the liability period, due to the demands of work shifts, Plaintiff and Non-Exempt Employees, who were employed by Defendants as drivers, did not receive a lawful minimum ten (10) minute rest period for every four hours worked or major fraction thereof. Nor were they compensated one (1) hour of pay at their regular rate of compensation for each workday that rest periods were not provided. Also, Plaintiff and Non-Exempt Employees, who were employed by Defendants as drivers, were required to monitor their cell phone in the event they were required to communicate with staff and/or supervisors during rest periods.

4

15. Defendants failed to pay Plaintiff and Non-Exempt Employees all earned wages in a timely manner; nor have they paid, upon or after termination, all compensation due, including but not limited to all wages owed and compensation for having failed to properly provide rest periods and meal periods.

16. Defendants also failed to maintain accurate itemized records reflecting total hours worked and have failed to provide Plaintiff and Non-Exempt Employees with accurate itemized wage statements reflecting total hours worked and appropriate rates of pay.

17. During the liability period, Defendants also failed to accurately compensate Plaintiff and Non-Exempt Employees, who were employed by Defendants as drivers, for reporting time pay for shifts. For instance, Plaintiff and such Non-Exempt Employees were required to report to work, wait to see if work was available, and then were sent home without compensation if no work was available that day.

18. During the liability period, Plaintiff and all Non-Exempt Employees were required to use their personal cell phones in the performance of their duties. Plaintiff and Non-Exempt Employees were required to download an App ("UPSERF.com") in order to access their payroll information. Plaintiff and Non-Exempt Employees were not reimbursed for the requisite use of their phones in the performance of their job duties.

19. Similarly, Plaintiff and Non-Exempt Employees, who were employed by Defendants as drivers, were required to use their personal cell phones in the performance of their duties. For instance, Plaintiff and Non- Exempt Employees, who were employed by Defendants as drivers, were required to monitor their cell phone in the event they were required to communicate with staff and/or supervisors throughout their shifts. Plaintiff and Non-Exempt Employees were not reimbursed for the requisite use of their phones in the performance of their job duties.

20. Upon information and belief, during the relevant period, Defendants employed over one hundred (100) Non-Exempt employees in California. Plaintiff and Non-Exempt Employees at all times pertinent hereto, have been non-exempt employees within the meaning of the California Labor Code, and the implementing rules and regulations of the IWC California

5

1  Wage Orders.

2
## V.
3
## CLASS ACTION ALLEGATIONS

4      21.     Plaintiff seeks to represent a <u>Class comprised of and defined as</u>: All persons who

5  are or were employed by Defendants in the state of California as Non-Exempt Employees, who

6  occupied positions as drivers and similar positions, within four (4) years prior to the date this

7  lawsuit is filed ("liability period") until resolution of this lawsuit.

8      22.     Plaintiff also seeks to represent <u>Subclasses comprised of and defined as</u>:

9          a.     All Non-Exempt Employees employed by Defendants in California

10 within the liability period who were not accurately paid all lawful wages, including overtime for

11 all hours worked;

12         b.     All Non-Exempt Employees employed by Defendants in California

13 within the statutory liability period who were not accurately paid all lawful wages, including

14 minimum wages for all hours worked;

15         c.     All Non-Exempt Employees employed by Defendants in California as

16 drivers and similar positions within the statutory liability period who were not provided a

17 compliant thirty (30) minute uninterrupted meal period by the end of the fifth hour when they

18 worked over five hours in a shift and who were not provided a second similar uninterrupted meal

19 period by the end of the tenth hour when they worked over ten hours in a shift;

20         d.     All Non-Exempt Employees employed by Defendants in California as

21 drivers and similar positions within the statutory liability period who were not provided a

22 minimum ten (10) minute rest period for every four (4) hours, or major fraction thereof, worked

23 per day and not provided compensation in lieu thereof;

24         e.     All Non-Exempt Employees employed by Defendants in California

25 within the liability period who were not timely paid all wages owed during their employment;

26         f.     All Non-Exempt Employees employed by Defendants in California

27 positions within the liability period who were not timely paid all wages owed upon termination

28 of their employment; and

g.      All Non-Exempt Employees employed by Defendants in California within the liability period who were not provided with accurate and complete itemized wage statements.

23.     Plaintiff also seeks to represent a class comprised of and defined as: All persons who are employed or have been employed by Defendants in the state of California during the liability period who were required to use their phones and/or personal devices in the performance of any job-related duties and were not reimbursed by Defendants for the use of said devices ("Expense Reimbursement Class").

24.     Plaintiff reserves the right under Rule 3.765, California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

25.     This action has been brought and may properly be maintained as a class action under the provisions of section 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class is easily ascertainable.

**A.  Numerosity**

26.     The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable. While the precise number of Non-Exempt Employees has not been determined at this time, Plaintiff is informed and believes that Defendants currently employ, and/or during the relevant time period employed, approximately over 100 Non-Exempt Employees in California who are or have been affected by Defendants' unlawful practices as alleged herein.

**B.  Commonality**

27.     There are questions of law and fact common to the Class predominating over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

i.      Whether Defendants violated Labor Codes sections 200, 1194, and 1197 applicable IWC Wage Orders by failing to pay all earned wages, including minimum wages to Non-Exempt Employees for work performed off the clock;

7

ii.     Whether Defendants violated Labor Codes section 200, 510, and 1194, and applicable IWC Wage Orders by failing to pay all earned wages, including proper overtime compensation to Non-Exempt Employees who worked over eight hours in a work shift and/or over forty hours in a work week and/or over twelve hours in a work shift for worked performed off the clock;

iii.    Whether Defendants violated Labor Codes section 200, 510, and 1194, and applicable IWC Wage Orders by failing to pay all earned wages, including proper overtime compensation to Non-Exempt Employees who worked over eight hours in a work shift and/or over forty hours in a work week and/or over twelve hours in a work shift based on an invalid alternative workweek schedule;

iv.     Whether Defendants violated sections 226.7, 512 of the Labor Code and applicable IWC Wage Order by failing to provide the statutorily compliant thirty (30) minute meal periods to Non-Exempt Employees on days in which they worked in excess of five (5) hours and/or ten (10) hours in a shift and failing to compensate said employees one-hour of their regular rate of pay in lieu of meal periods and failing to provide similar statutory meal period and compensation when they worked in excess of ten (10) hours in a shift;

v.      Whether Defendants violated Labor Code section 226.7 and applicable IWC Wage Orders by failing to authorize and permit minimum ten (10) minute rest periods to Non-Exempt Employees for every four hours or major fraction thereof worked and failing to compensate said employees one (1) hours of their regular rate of pay in lieu of rest periods;

vi.     Whether Defendants violated sections 201-203 of the Labor Code and applicable IWC Wage Orders by failing to pay all earned wages and/or premium wages due and owed at the time that any Non-Exempt Employees' employment with Defendants terminated;

vii.    Whether Defendants violated section 204 of the Labor Code and applicable IWC

Wage Orders by failing to pay all earned wages and/or premium wages due and owed during the Non-Exempt Employees' employment with Defendant;

viii.    Whether Defendants violated section 2802 of the Labor Code by not indemnifying its employees for expenses incurred in the performance of their job duties;

ix.    Whether Defendants failed to accurately pay reporting time pay to Plaintiff and Non-Exempt Employees; and

x.    Whether Defendants violated section 226 of the Labor Code and applicable IWC Wage Orders by failing to, among other violations, maintain accurate records of, among others, Non-Exempt Employees' earned wages, work periods, meal periods and deductions;

**C.  Typicality**

28.    The claims of the named Plaintiff are typical of the claims of the Class.  Plaintiff and all members of the Class sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of California laws, regulations, and statutes as alleged herein.

**D.  Adequacy of Representation**

29.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Class.  Counsel who represents Plaintiff is competent and experienced in litigating large employment class actions.

**E.  Superiority of Class Action**

30.    A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.  Each member of the Class has been damaged and is entitled to recovery by reason of Defendants' unlawful policy and/or practice herein complained of.

31.    Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

9

1   Plaintiff is unaware of any difficulties that are likely to be encountered in the management of

2   this action that would preclude its maintenance as a class action.

### VI.
### CAUSES OF ACTION

**First Cause of Action**
Failure to Pay Lawful Wages Owed
(Lab. Code §§ 510, 1194, 1197, IWC Wage Orders)
(Against All Defendants)

32.   Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

33.   As discussed herein, during the liability period Defendants' policies, practices and work shift requirements resulted in Plaintiff and Class Members not receiving compensation for all earned wages including overtime and/or minimum wage in violation of California state wage and hour laws.

34.   Labor Code § 510, and relevant IWC wage orders applicable to Plaintiff and Class Members, provides that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

35.   As alleged herein, during the liability period, Defendants' policies and/or practices resulted in Non-Exempt Employees working "off the clock" and in excess of eight hours in a work shift and/or over forty hours in a work week and/or over twelve hours in a work shift for worked performed off the clock without receiving the proper compensation for all hours worked.

36.   Labor Code §1197, and relevant IWC wage orders  applicable to Plaintiff and Class Members, provides that the minimum wage for employees fixed by the IWC is the minimum wage to be paid to employees, and the payment of a lesser wage than the established minimum is unlawful.  Further, pursuant to the relevant IWC Wage Order and Labor Code, Plaintiff and Class

10

1    Members are to be paid minimum wage for each hour worked, and cannot be averaged.

2        37.    During the liability period, Defendants' policies and/or practices and work shift

3    requirements resulted in Non-Exempt Employees working "off the clock" and not receiving

4    compensation for all earned wages, including minimum wages, in violation of California state

5    wage and hour laws.

6        38.    In actions for recovery of unpaid wages, California Labor Code § 1194.2 provides

7    for the recovery of liquidated damages equal to wages unlawfully unpaid and interest thereon.

8        39.    As a result of Defendants unlawful acts, Plaintiff and Class Members were

9    deprived of compensation for all earned wages in amounts to be determined at trial, and are

10   entitled to recovery of such amounts, plus interest and penalties thereon, attorneys' fees, and costs,

11   pursuant to Labor Code section 1194.

12       39.    WHEREFORE, Plaintiff and Class Members request relief as described herein and

13   below.

14                           **Second Cause of Action**
                        Failure to Provide Lawful Meal Periods
15                        Or Compensation in Lieu Thereof
                       (Lab. Code §§512, 226.7, IWC Wage Orders)
16                          (Against All Defendants)
17

18       40.    Plaintiff repeats and incorporates herein by reference every allegation set forth

19   above, as though fully set forth herein.

20       41.    Pursuant to Labor Code §512, no employer shall employ an employee for a work

21   period of more than five (5) hours without providing a meal break of not less than thirty (30)

22   minutes in which the employee is relieved of all of his or her duties. An employer may not employ

23   an employee for a work period of more than ten (10) hours per day without providing the

24   employee with a second meal period of not less than thirty (30) minutes, except that if the total

25   hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual

26   consent of the employer and the employee only if the first meal period was not waived.

27

28

11

42.     As alleged herein, Defendants violated the provisions of Labor Code §512 and applicable IWC Wage Order by failing to provide thirty (30) minute uninterrupted meal periods by the end of the fifth hour for days which Plaintiff and Class Members, employed by Defendant as drivers, worked in excess of five (5) hours and/or a second statutorily compliant meal period for days Plaintiff and such Class Members worked in excess of ten (10) hours and failing to provide proper compensation in lieu thereof.

43.     Pursuant to Labor Code § 226.7, Plaintiff and Class Members, who were employed by Defendant as drivers, are entitled to recover one (1) hour of the employees' regular rate of compensation (premium wage) for each day in which a meal period or rest break violation occurred.

44.     As a result of Defendants unlawful acts, Plaintiff and Class Members were deprived of premium wages and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

45.     WHEREFORE, Plaintiff and Class Members request relief as described herein and below.

**Third Cause of Action**
Failure to Provide Rest Periods
Or Compensation in Lieu Thereof
(Lab. Code §§226.7, IWC Wage Orders)
(Against All Defendants)

46.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

47.     Pursuant to the IWC wage orders applicable to Plaintiff and Class Members, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period…. [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof…. Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

12

48.     As alleged herein, Defendants' failure to authorize and permit a minimum ten (10) minute rest period for every four (4) hours or major fraction thereof worked per day by Plaintiff and Class Members, and failing to provide compensation for such non-provided rest periods, they violated Labor Code section 226.7 and IWC applicable Wage Orders.

49.     As a result of Defendants unlawful acts, Plaintiff and Class Members were deprived of premium wages, and are entitled to recovery of such amounts, plus interest and penalties thereon under Labor Code §226.7.

50.     WHEREFORE, Plaintiff and Class Members request relief as described herein and below.

### Fourth Cause of Action
Failure to Timely Pay Wages During Employment
(Lab. Code § 204)
(Against All Defendants)

51.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

52.     Labor Code section 204 requires that all wages are due and payable twice in each calendar month. The wages required by Labor Code §§ 226.7, 510, 1194, 1197 and other sections became due and payable to Plaintiff and Class Members in each month that he or she was not paid all lawful wages owed or provided with lawful meal period or rest period to which he or she was entitled. Defendants violated Lab. Code §204 by failing to pay said wages when they were due and payable.

53.     Labor Code section 210 (a) provides that "In addition to, and entirely independent and apart from, any other penalty provided in this article, every person who fails to pay the wages of each employee as provided in Sections 201.3, 204, 204(b), 204.1, 204.2, 204.11, 205, 205.5, and 1197.5, shall be subject to a penalty as follow:

(1) For any initial violation, one hundred dollars ($100) for each failure to pay each employee.

(2) For each subsequent violation, or any willful or intentional violation, two hundred dollars ($200) for each failure to pay each employee, plus 25 percent of the amount unlawfully

13

1   withheld.

2      54.    As a result of the unlawful acts of Defendants, Plaintiff and the Class she seeks

3   to represent have been deprived of wages in amounts to be determined at trial, and are entitled

4   to recovery of such amounts, plus interest and penalties.

5      55.    WHEREFORE, Plaintiff and Class Members request relief as described herein

6   and below.

7                           **Fifth Cause of Action**

8                   Failure to Timely Pay Wages Due at Termination
                     Lab. Code §§ 201-203, IWC Wage Orders)

9                        (Against All Defendants)

10     56.    Plaintiff incorporates by reference and realleges every allegation contained above,

11  as though fully set forth herein.

12     57.    Sections 201 and 202 of the California Labor Code require Defendants to pay its

13  employees all wages due within 72 hours of termination of employment. Section 203 of the Labor

14  Code provides that if an employer willfully fails to timely pay such wages the employer must, as

15  a penalty, continue to pay the subject employees' wages until the back wages are paid in full or

16  an action is commenced. The penalty cannot exceed 30 days of wages.

17     58.    As alleged herein, Plaintiff and Class Members are entitled to compensation for

18  all forms of wages earned, including compensation for all hours worked and for non-compliant

19  and/or non-provided rest and meal periods, but to date have not received such compensation

20  therefore entitling them Labor Code section 203 penalties.

21     59.    More than 30 days have passed since Plaintiff and Class Members have left

22  Defendants' employ, and on information and belief, have not received payment pursuant to Labor

23  Code §203.  As a consequence of Defendants' willful conduct in not paying all earned wages,

24  Plaintiff and Class Members are entitled to 30 days' wages as a penalty under Labor Code section

25  203 for failure to pay legal wages.

26     60.    WHEREFORE, Plaintiff and Class Members request relief as described herein and

27  below.

28

                                      14

**Sixth Cause of Action**
Knowing and Intentional Failure to Comply with Itemized Employee
Wage Statement Provisions
(Lab. Code § 226, IWC Wage Orders)
(Against All Defendants)

61.     Plaintiff repeats and incorporates herein by reference every allegation set forth above, as though fully set forth herein.

62.     Section 226(a) of the California Labor Code requires Defendants to furnish Plaintiff and Class Members an accurate itemized statement showing, amongst other information, gross wages, net wages and total hours worked.  IWC Wage Orders require Defendants to furnish similar itemized statement indicating deductions, reimbursements, and to accurately report total hours worked by Plaintiff and Class Members.

63.     Defendants violated Section 226 by failing to provide Plaintiff and Class Members with wage statements that accurately showed the net wages earned for regular and overtime hours worked.  Defendants violated Section 226 by failing to provide Plaintiff and Class Members with wage statements that accurately show the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate.

64.     Defendant's violations prevented Plaintiff and Class Members from the full compensation to which they were entitled under applicable provisions of the California Labor Code and applicable IWC Wage Orders.

65.     Pursuant Labor Code §226, Plaintiff and Class Members are entitled up to a maximum of $4,000.00 each for record-keeping violations.

66.     WHEREFORE, Plaintiff and Class Members request relief as described herein and below.

**Seventh Cause of Action**
Failure to Indemnify Employees for Expenditures
(Lab. Code § 2802)
(Against All Defendants)

67.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

15

68.     As set forth above, Section 2802 of the California Labor Code requires Defendants to indemnify employees for all necessary expenditures incurred in direct consequence of the discharge of his duties.

69.     Defendants violated Section 2802 by failing to indemnify Plaintiff and Class Members for expenditures incurred for using personal cell phone in the performance of job duties.

70.     As a result of the unlawful acts of Defendants, Plaintiff and Class Members have incurred expenditures in amounts to be determined at trial.

71.     WHEREFORE, Plaintiff, and the Class she seeks to represent, request relief as described herein and below.

**Eighth Cause of Action**
Violation of Unfair Competition Law
(Bus. & Prof. Code, §§ 17200-17208)
(Against All Defendants)

72.     Business & Professions Code Section 17200 provides:

As used in this chapter, unfair competition shall mean and include any ***unlawful***, ***unfair*** or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.) (Emphasis added.)

Defendants' violations of the Labor Code and Wage Order provisions set forth above constitute unlawful and/or unfair business acts or practices.

73.     The actions of Defendants, as alleged within this Complaint, constitute false, fraudulent, unlawful, unfair, and deceptive business practices, within the meaning of Business and Professions Code section 17200, *et seq.*

74.     Plaintiff and Class Members have been personally aggrieved by Defendants' unlawful and unfair business acts and practices alleged herein.

75.     As a direct and proximate result of the unfair business practices of Defendants, and each of them, Plaintiff and Class Members are entitled to restitution of all wages which have been unlawfully withheld as a result of the business acts and practices described herein.

//

16

76.     WHEREFORE, Plaintiff and Class Members request relief as described herein and below.

## VII.

## PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That the Court determine that this action may be maintained as a class action;

2.  For compensatory damages in an amount according to proof with interest thereon;

3.  For economic and/or special damages in an amount according to proof with interest thereon;

4.  For premium wages pursuant to Labor Code §§226.7 and 512;

5.  For premium pay and penalties pursuant to Labor Code §§203, 204, 210, 226, 510, 2802;

6.  For attorneys' fees, interests, and costs of suit under Labor Code §§226, 1194, 1197; and

7.  For further justifiable relief the Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

Dated: April 29, 2021                         JAMES HAWKINS, APLC

                                              James R. Hawkins, Esq.
                                              Isandra Fernandez, Esq.
                                              Attorneys for Plaintiff
                                              SHEILA JOHN

17

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAMES HAWKINS APLC<br>James R. Hawkins, Esq. SBN 192925; Isandra Y. Fernandez, Esq. SBN 220482<br>9880 Research Drive Suite 200 Irvine, CA 92816 | ENDORSED<br>F I L E D<br>San Francisco County Superior Court<br><br>APR 2 9 2021<br><br>CLERK OF THE COURT<br>KALENE APOLONIO<br>BY: _____<br>Deputy Clerk |
| TELEPHONE NO.: 949-387-7200   FAX NO. *(Optional):* 949-387-6676 | |
| ATTORNEY FOR *(Name):* SHEILA JOHN | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO**
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco
BRANCH NAME: San Francisco Superior Court

CASE NAME:
SHEILA JOHN V. UNITED PARCEL SERVICE, INC.,

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | CGC-21-591395 |
| | | | JUDGE: | |
| | | | DEPT.: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [x] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):* 8
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 29, 2021

Isandra Y. Fernandez, Esq.
_____ (TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

FAXED

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice– Physicians & Surgeons
   Other Professional Health Care Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip and fall)
   Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
   Intentional Infliction of Emotional Distress
   Negligent Infliction of Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
   Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/ Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic relations)*
   Sister State Judgment
   Administrative Agency Award *(not unpaid taxes)*
   Petition/Certification of Entry of Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-harassment)*
   Mechanics Lien
   Other Commercial Complaint Case *(non-tort/non-complex)*
   Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CASE NUMBER: CGC-21-591395 SHEILA JOHN VS. UNITED PARCEL SERVICE, INC. ET AL

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:     SEP-29-2021

TIME:     10:30AM

PLACE:    Department 610
          400 McAllister Street
          San Francisco, CA 94102-3680

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference. However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed and served twenty-five days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.

(SEE LOCAL RULE 4)

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint. (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

Superior Court Alternative Dispute Resolution Administrator
400 McAllister Street, Room 103-A
San Francisco, CA 94102
(415) 551-3869

See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



> The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non-juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to
respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

## 2) MEDIATION

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

**3) ARBITRATION**

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

**(A) JUDICIAL ARBITRATION**

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

**(B) PRIVATE ARBITRATION**

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

**HOW DO I PARTICIPATE IN ADR?**

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. <u>YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.</u>

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: | |
| ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street<br>San Francisco, CA 94102-4514 | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |
| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ |
| | **DEPARTMENT 610** |

1) **The parties hereby stipulate that this action shall be submitted to the following ADR process:**

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days   ☐ 90-120 days   ☐ Other (please specify) _____

☐ **Other ADR process (describe)** _____

2) **The parties agree that the ADR Process shall be completed by (date):** _____

3) **Plaintiff(s) and Defendant(s) further agree as follows:**

_____

| | |
|---|---|
| _____<br>Name of Party Stipulating | _____<br>Name of Party Stipulating |
| _____<br>Name of Party or Attorney Executing Stipulation | _____<br>Name of Party or Attorney Executing Stipulation |
| _____<br>Signature of Party or Attorney | _____<br>Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated: _____ | Dated: _____ |

☐ *Additional signature(s) attached*